# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Fredrick Horton, III, | Case No. 16-cv-2267 (MJD/TNL) |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| Wells Fargo Bank, N.A.; Selene Finance L.P.; U.S. Bank N.A., as Trustee, on behalf of Stanwhich Mortgage Loan Trust, Series 2012-3; and Wilford, Geske & Cook, P.A., | |
| Defendants. | |

Fredrick Horton, III, 1 Thomas Avenue South, Minneapolis, MN 55405 (pro se Plaintiff); and

David R. Mortensen, Wilford, Geske & Cook, PA, 7616 Currell Boulevard, Suite 200, Woodbury, MN 55125 (for Defendants).

## I. INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendants' Amended Motion to Dismiss (ECF No. 12). This motion has been referred to the undersigned magistrate judge for a report and recommendation to the district court, the Honorable Michael J. Davis, District Judge of the United States District Court for the District of Minnesota, pursuant to 28 U.S.C. § 636 and Local Rule 72.1. In conjunction with their Amended Motion to Dismiss, Defendants have also filed an Amended Request for Judicial Notice in Support of Defendants' Motion to Dismiss (ECF No. 15).

1

Based upon the file, memoranda, and the proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' Amended Motion to Dismiss (ECF No. 12) be **GRANTED IN PART** and **DENIED IN PART** and Defendants' Amended Request for Judicial Notice in Support of Defendants' Motion to Dismiss (ECF No. 15) be **DENIED WITHOUT PREJUDICE**.

## II. BACKGROUND[1]

This case arises out of the foreclosure of Plaintiff Fredrick Horton, III's home while he was being considered for a loan modification. (Compl. ¶ 9, ECF No. 1-1.) Plaintiff purchased his home with a mortgage through Defendant Wells Fargo Bank, N.A ("Wells Fargo"). (Compl. ¶ 34.) In 2014, Plaintiff fell behind on his mortgage. (Compl. ¶¶ 40-41.) Sometime in 2014, Wells Fargo assigned Plaintiff's mortgage to Defendant U.S. Bank, N.A., as Trustee, on behalf of Stanwhich Mortgage Loan Trust, Series 2012-3 ("U.S. Bank"). (Compl. ¶¶ 21, 42.) On or about the same time, Defendant Selene Finance L.P. ("Selene") began servicing Plaintiff's mortgage. (Compl. ¶¶ 4, 10-11, 42, 45.) "Selene was the servicer of the [m]ortgage . . . throughout the foreclosure proceedings that have resulted in [Plaintiff's] Complaint." (Compl. ¶ 10.)

In early 2015, Plaintiff made or attempted to make certain payments on his mortgage in order to cure the past due balance. (Compl. ¶¶ 47, 49.) In October, Plaintiff received notice that Defendant Wilford, Geske & Cook, P.A. ("WGC") had been retained

---

[1] "In analyzing a motion to dismiss, a court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the nonmoving party." *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014).

2

by Selene to facilitate the foreclosure of Plaintiff's home. (Compl. ¶ 46.) The foreclosure sale was scheduled for November 23. (Compl. ¶ 48.)

Plaintiff subsequently contacted Selene "for consideration of loss mitigation programs." (Compl. ¶ 49.) Between approximately October 20 and November 30, Plaintiff engaged in telephone and written communications with Selene concerning his request for a loan modification. (Compl. ¶¶ 49-65, 72-74.) According to Plaintiff, Selene received his loss mitigation application no later than November 6. (Compl. ¶ 72; *see* Compl. ¶¶ 53-54.) Selene continued to demand additional documents, some of which Plaintiff had previously been told were unnecessary by other Selene representatives. (*See* Compl. ¶¶ 52-63.) Plaintiff attempted to meet these requests and, as of November 19, was told by Selene that his request for a loan modification was "pending." (*See* Compl. ¶¶ 54-63, 73-74.)

On November 20, Plaintiff received a telephone call from Selene regarding his loan modification request. (Compl. ¶ 64.) Plaintiff returned the call and was told by Selene that his request for a loan modification had been denied. (Compl. ¶ 64.) Plaintiff requested written verification of the denial, which was never sent. (Compl. ¶¶ 64, 74-75.) Plaintiff's home was sold at the foreclosure sale on November 23 to U.S. Bank. (Compl. ¶ 66.) Plaintiff asserts that his home was illegally foreclosed upon and brings a variety of claims against Wells Fargo, Selene, U.S. Bank, and WGC (collectively, "Defendants").

### III. PROCEDURAL HISTORY

The parties appeared before the Court for a hearing on August 30, 2016. (Court Minutes, Aug. 30, 2016, ECF No. 24 ("Aug. Minutes").) Plaintiff appeared pro se and

David R. Mortensen appeared on behalf of Defendants. (Aug. Minutes.) "At the outset of the hearing, . . . Plaintiff made an oral motion for a continuance. Plaintiff requested a two-week continuance in order to effectuate service on Defendant Selene Finance LP and secure counsel." (Aug. Minutes.) "The Court expressed concern over Plaintiff's lack of communication prior to the hearing about the need for an extension, . . . [and] granted Plaintiff's motion on the record." (Aug. Minutes.) Following the hearing, Plaintiff filed his response to Defendants' motion to dismiss. (Pl.'s Answer Mem., ECF No. 21.) Defendants subsequently filed a reply. (Defs.' Reply, ECF No. 26.)

The parties appeared before the Court again on September 20, 2016. (Court Minutes, Sept. 20, 2016, ECF No. 27 ("Sept. Minutes").) And again, Plaintiff appeared pro se and attorney Mortensen appeared on behalf of Defendants. (Sept. Minutes.) At the second hearing, Plaintiff orally moved to dismiss without prejudice "Counts 1 through 3" and "5 through 11," but not "Count 4." (Sept. Minutes.) Plaintiff also orally "rescinded" a request to remand this matter back to state district court in Hennepin County, Minnesota, that was contained in his responsive memorandum. (Pl.'s Answer Mem. at 1, 3-4, 6.)

## IV. ANALYSIS

"To withstand a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations to 'state a claim to relief that is plausible on its face.'" *Smithrud v. City of St. Paul*, 746 F.3d 391, 397 (8th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). "[A]lthough a complaint need not contain 'detailed factual allegations,' it must contain facts with enough specificity 'to raise a right to relief above

4

the speculative level.'" *United States ex rel. Raynor v. Nat'l Rural Utils. Coop. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (quoting *Twombly*, 550 U.S. at 555).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences most favorably to the complainant." *Raynor*, 690 F.3d at 955; *accord Martin*, 752 F.3d at 727.

Further, "[i]n evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, [courts] hold a pro se complaint, however inartfully pleaded, to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quotation omitted). But, "[a]lthough pro se complaints are to be construed liberally, 'they still must allege sufficient facts to support the claims advanced.'" *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). As the Eighth Circuit has explained, "[w]hen we say that a pro se complaint should be given liberal construction,

we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone*, 364 F.3d at 915.

### A. Plaintiff's Complaint

Rule 8 requires a complaint to contain "a short and plain statement of the claim[(s)] showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A complaint must be concise, and it must be clear." *Gurman v. Metro Hous. & Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011). A complaint must provide the defendant "with fair notice" of the plaintiff's claims "and the grounds upon which [they] rest[]." *Adams v. Am. Family Mut. Ins. Co.*, 813 F.3d 1151, 1154 (8th Cir. 2016).

Plaintiff's Complaint contains over 160 paragraphs and is rather difficult to parse. The Court recognizes that Plaintiff is proceeding pro se and, as such, his filings are to be liberally construed. Nevertheless, even under this liberal standard, Plaintiff's Complaint remains a confusing amalgamation of factual allegations interspersed with state and federal statutes. By way of example, it is difficult to determine just how many claims Plaintiff has brought in this matter. While the Complaint contains 7 labeled counts (Counts I through VII) in the section entitled "Legal Claims," (*see* Compl. ¶¶ 70-164), Defendants discuss 11 claims in their motion to dismiss, (*see, e.g.*, Defs.' Am. Mem. in Supp. at 1). And, as of the September hearing, Plaintiff appears to have adopted Defendants' 11-count interpretation.

At the September hearing, however, Plaintiff also orally moved to dismiss "Counts 1-3" and "Counts 5-11."[2]  These are the same counts that Defendants have sought to have dismissed.[3]  (Defs.' Am. Mem. in Supp. at 1, 26.)  As best as this Court is able to tell, the only count that appears to still be at issue is what the parties refer to as "Count 4," but what appears to be labeled "Count I" in Plaintiff's Complaint.  This "Count 4/Count I" alleges that Selene, Wells Fargo, and U.S. Bank engaged in dual tracking in violation of Minn. Stat. § 582.043, subd. 6.  With this in mind, the Court turns to the parties' arguments.

### B. Count 4/Count I

Again, as best as this Court is able to tell, Plaintiff alleges that Selene, Wells Fargo, and U.S. Bank engaged in dual tracking in violation of Minn. Stat. § 582.043, subd. 6.  Under Minn. Stat. § 582.043, subd. 6(c), "[i]f the servicer [of a residential mortgage] receives a loss mitigation application after the foreclosure sale has been scheduled, but before midnight of the seventh business day prior to the foreclosure sale date, the servicer must halt the foreclosure sale and evaluate the application."

> If required to halt the foreclosure sale and evaluate the application, the servicer must not . . . conduct a foreclosure sale unless . . . the servicer determines that the mortgagor is not eligible for a loss mitigation option, the servicer informs the mortgagor of this determination *in writing*, and the applicable appeal period has expired without an appeal or the appeal has been properly denied.

---

[2] Further adding to the confusion, Plaintiff also stated at the September hearing that he was not dismissing "Count 4" as to Wells Fargo—a claim which also identifies Selene and U.S. Bank as defendants.  (*See* Compl. ¶¶ 70-76.)

[3] There appears to be a typographical error in Defendants' Amended Motion to Dismiss (ECF No. 12), which refers to "Counts 1 through 3 and 4 through 11 of Plaintiff's Complaint," whereas Defendant's memorandum refers to "Counts 1 through 3 and 5 through 11 . . . as well as . . . Count 4 of the Complaint as to Wells Fargo," (Defs.' Am. Mem. in Supp. at 1; *accord* Defs.' Am. Mem. in Supp. at 3-4, 26; *see also* Defs.' Reply at 3 (stating dual-tracking claim is only at issue with respect to Wells Fargo).

Minn. Stat. § 582.043(c)(1) (emphasis added).

Plaintiff alleges that, in October 2015, he was served with a notice of mortgage foreclosure sale for his home. (Compl. ¶ 48.) The sale was set for November 23. (Compl. ¶ 48.) Plaintiff subsequently contacted Selene, the servicer of his mortgage, "for consideration of loss mitigation programs." (Compl. ¶ 49.) During the months of October and November, Plaintiff engaged in telephone and written communications with Selene concerning his request for a loan modification. (Compl. ¶¶ 49-65, 72-74.) Plaintiff alleges that Selene received his loss mitigation application no later than November 6. (Compl. ¶ 72; *see* Compl. ¶¶ 53-54.)

Plaintiff alleges that Selene continued to demand additional documents, some of which he had previously been told were unnecessary by other Selene representatives. (*See* Compl. ¶¶ 52-63.) Plaintiff attempted to meet these requests and, as of November 19, was told by Selene that his request for a loan modification was "pending." (*See* Compl. ¶¶ 54-63, 73-74.) On November 20, Plaintiff received a telephone call from Selene regarding his loan modification request. (Compl. ¶ 64.) Plaintiff returned the call and was told by Selene that his request for a loan modification had been denied. (Compl. ¶ 64.) Plaintiff requested written verification of the denial, which was never sent. (Compl. ¶¶ 64, 74-75.) Because Plaintiff was never informed of the denial in writing, "no applicable appeal period could commence." (Compl. ¶ 74; *see* Compl. ¶ 45.) Plaintiff's home was sold at the foreclosure sale on November 23 to U.S. Bank. (Compl. ¶ 66.)

### 1. Selene

Selene moves for dismissal on account of insufficient service of process. (Defs.' Am. Mem. in Supp. at 26.)  *See* Fed. R. Civ. P. 12(b)(5) (insufficient service of process). Plaintiff does not dispute that Selene has not been served in this matter. At the August hearing, Plaintiff's request for a continuance was sought, in part, so that he could effect service on Selene. Despite the fact that Plaintiff waited until the hearing to seek a continuance, the Court granted Plaintiff's request. At the September hearing, Plaintiff stated that Selene had not yet been served.

"If a defendant is improperly served, a federal court lacks jurisdiction over the defendant." *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993). On a motion to dismiss for insufficient service of process, "the plaintiff must establish prima facie evidence that there was sufficient . . . service of process." *Hahn v. Bauer*, 09-cv-2220 (JNE/JJK), 2010 WL 396228, at *6 (D. Minn. Jan. 27, 2010) (citing *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas*, 51 F.3d 1383, 1387 (8th Cir.1995)), *aff'd*, 393 F. App'x 413 (8th Cir. 2010).

Here, Plaintiff has not even attempted to establish that there was sufficient service of process and, in fact, has conceded that Selene has not yet been served. Moreover, Plaintiff's acknowledgment at the September hearing that Selene remains unserved alongside his statement that he was not dismissing this count with respect to Wells Fargo (for whom the parties dispute whether service was proper) suggests an implied understanding that failure to serve Selene would result in dismissal. Based on the

foregoing, the Court recommends that Selene be dismissed without prejudice for lack of service.

### 2. Wells Fargo

Turning to Wells Fargo, although Plaintiff has included Wells Fargo among the defendants under his dual-tracking claim, Plaintiff has not pleaded any facts showing that Wells Fargo was the servicer of his mortgage at the time of the alleged dual tracking. Rather, Plaintiff has specifically pleaded that Selene was the servicer of his mortgage during this time. (Compl. ¶¶ 10, 11; *compare* Compl. ¶ 2 *with* Compl. ¶ 10.) There are no facts alleging that Wells Fargo received a loss mitigation application from Plaintiff; was somehow involved in the evaluation of (or made a determination on) Plaintiff's application; or that Wells Fargo moved for an order of foreclosure, sought a foreclosure judgment, or conducted a foreclosure sale while Plaintiff's application was being evaluated. *See* Minn. Stat. § 582.043(c). As best as this Court is able to tell, Plaintiff's allegations with respect to Wells Fargo are limited to identifying Wells Fargo as the original lender/mortgagee and subsequent assignor of the mortgage to U.S. Bank.[4] (*See, e.g.*, Compl. ¶¶ 2, 21, 34.) In sum, Plaintiff has not pleaded sufficient facts to show that Wells Fargo engaged in dual tracking and thus has failed to state a claim for relief against

---

[4] Notably, Plaintiff lacks standing to challenge the assignment of the mortgage from Wells Fargo to U.S. Bank. *See Quale v. Aurora Loan Servs.*, LLC, 561 Fed. Appx. 582, 583 (8th Cir. 2014) (per curiam) ("The party injured by an improper or fraudulent assignment is the mortgagee—assignor (mortgage holder), not the mortgagor (homeowner)."); *see, e.g.*, *Novak v. JP Morgan Chase Bank, N.A.*, No. 12-cv-589 (DSD/LIB), 2012 WL 3638513, at *6 (D. Minn. Aug. 23, 2012) ("[P]laintiffs lack standing to challenge the assignment [of the mortgages]: they are not parties to the assignment and any dispute would be between the assignor and assignee."); *Gerlich v. Countrywide Home Loans, Inc.*, No. 10-cv-4520 (DWF/LIB), 2011 WL 3920235, at *3 (D. Minn. Sept. 7, 2011) ("Plaintiff was not a party to the Assignment of Mortgage, which conferred upon Countrywide the right to foreclose on the debt. Even assuming Plaintiff were able to show that Defendant Ehinger had no authority to assign Ameriquest's interest in the mortgage to Countrywide, the party sustaining injury as a result of the fraudulent assignment would be Ameriquest, not Plaintiff."); *see also Brown v. Green Tree Serv. LLC*, 86 F. Supp. 3d 1047, 1048 (D. Minn. 2015) (relying on *Quale*, *Gerlich*).

Wells Fargo. Accordingly, the Court recommends that Count 4/Count I be dismissed with prejudice with respect to Wells Fargo.

Because the Court has recommended that Count 4/Count I be dismissed for failure to state a claim, the Court declines to address Wells Fargo's alternative argument that service of process has not been effected. (*See* Defs.' Am. Mem. in Supp. at 26.) Without commenting on whether such service was proper, the Court notes that, despite Plaintiff's contentions that Wells Fargo was properly served in June 2016, (*see, e.g.*, Pl.'s Answer Mem. at 1, 3), Plaintiff has not presented documentation to this Court evidencing such service and thus failed to establish prima facie evidence that there was sufficient service of process on Wells Fargo. *See Hahn*, 2010 WL 396228, at *6.

### C. Summary

Based on the foregoing, the Court first recommends that all claims other than Count 4/Count I be dismissed without prejudice. Second, the Court recommends that Count 4/Count I be dismissed without prejudice with respect to Selene for lack of service and with prejudice as to Wells Fargo for failure to state a claim. Thus, the only claim remaining in this matter is the dual-tracking claim against U.S. Bank contained in Count 4/Count I.[5] Lastly, the Court recommends that Defendants' Amended Request for Judicial Notice in Support of Defendants' Motion to Dismiss (ECF No. 15) be denied without prejudice as the materials contained therein were not necessary to the resolution

---

[5] U.S. Bank has not challenged the sufficiency of these allegations and acknowledges that it has been served in this matter. (*See, e.g.*, Defs.' Am. Mem. in Supp. at 1 (seeking dismissal of "Count 4 of the Complaint as to Wells Fargo"), 3 (acknowledging service on U.S. Bank), 4 (seeking dismissal of Count 4 as to Wells Fargo), 23-24 (seeking dismissal of Count 4 as to Wells Fargo); *see also* Defs.' Reply at 3 (stating dual-tracking claim is only at issue with respect to Wells Fargo). Additionally, at the September 20 hearing, counsel for Defendants reiterated that dismissal on Count 4/Count I for failure to state a claim was sought only as to Wells Fargo.

11

of Defendants' motion. *See Stahl v. United States Dep't of Agric.*, 327 F.3d 697, 701 (8th Cir. 2003) ("[T]he court has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion.") (quotation omitted).

### D. Request to Remand

In his response to Defendants' Amended Motion to Dismiss, Plaintiff requested that this matter be remanded back to state district court. (Pl.'s Answer Mem. at 1, 3-4, 6.) Without commenting on the procedural propriety of Plaintiff's request, the Court notes that, at the September hearing, Plaintiff withdrew his request for remand.

### E. Proceeding as a Pro Se Litigant

Finally, the Court cautions Plaintiff that his pro se status does not excuse him from following the Federal Rules of Civil Procedure and Local Rules of this Court. S*ee Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (pro se status does not entitle litigant to disregard Federal Rules of Civil Procedure or court's local rules); *Oprenchak v. Am. Family Mut. Ins. Co.*, No. 11-cv-425 (PJS/TNL), 2012 WL 1247216, at *15 (D. Minn. Mar. 26, 2012) ("Plaintiff's pro se status does not excuse him from following the Federal Rules of Civil Procedure and Local Rules of this Court."). In the interests of justice and completeness, the Court granted Plaintiff's oral request for a continuance—made at what was to be the hearing on Defendant's motion—and has overlooked Plaintiff's untimely response to Defendant's motion, considering his arguments. While pro se litigants are accorded a certain degree of latitude, future noncompliance and dilatory filings will be met with less patience. Plaintiff is encouraged

to avail himself of the resources made available to pro se litigants through this Court's website, http://www.mnd.uscourts.gov/ (select red "Representing Yourself (Pro-Se)" link). A copy of these materials is also available from the Clerk's Office. Lastly, the Court will also refer Plaintiff to the Pro Se Project, a program operated by the Minnesota Chapter of the Federal Bar Association ("FBA").[6] Plaintiff should bear in mind that, while one of the FBA Pro Se Project's volunteer lawyers may agree to represent him, *there is no requirement that a volunteer lawyer do so or that any lawyer be appointed to assist him*.

## V. RECOMMENDATION

Based upon the file, memoranda, and the proceedings herein, and for the reasons stated above, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Amended Motion to Dismiss (ECF No. 12) be **GRANTED IN PART** and **DENIED IN PART**.

2. All claims other than Count 4/Count I be **DISMISSED WITHOUT PREJUDICE**.

3. Count 4/Count I be **DISMISSED WITHOUT PREJUDICE** with respect to Selene for lack of service.

4. Count 4/Count I be **DISMISSED WITH PREJUDICE** with respect to Wells Fargo for failure to state a claim.

[Continued on next page.]

---

[6] This referral will be done by separate letter. The Court's referral will issue along with this Report & Recommendation, so that Plaintiff may begin working with the FBA's Pro Se Project.

5. Defendants' Amended Request for Judicial Notice in Support of Defendants' Motion to Dismiss (ECF No. 15) be **DENIED WITHOUT PREJUDICE**.

Dated: January  23 , 2017                               *s/ Tony N. Leung*
                                                        Tony N. Leung
                                                        United States Magistrate Judge
                                                        for the District of Minnesota


*Horton v. Wells Fargo Bank, N.A.*
Case No. 16-cv-2267 (MJD/TNL)


# NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.